981 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald A. HEGGIE, Plaintiff-Appellee,
v.
KEY BANK OF OREGON, Defendant-Appellant.
 No. 91-35703.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1992.*
Decided Dec. 3, 1992.
 
 Before TANG, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald Heggie challenged the termination of his employment with Key Bank of Oregon under the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. § 621, et seq. The jury awarded Heggie $74,798 for lost wages and benefits. Key Bank appeals the district court's denial of its motions for judgment notwithstanding the verdict (JNOV) and for a new trial.
 
 I. Key Bank's motion for JNOV
 
 3
 Although Key Bank moved for a directed verdict at the close of plaintiff's evidence, Key Bank did not again move for a directed verdict at the close of all evidence, and Key Bank is precluded from seeking JNOV. Fed.R.Civ.P. 50(b); Farley Transp. Co. v. Santa Fe Transp. Co., 786 F.2d 1342, 1345 (9th Cir.1985) ("Rule 50(b) read as a whole plainly provides that only a motion for a directed verdict made 'at the close of all the evidence' preserves the legal objection to the sufficiency of the evidence for further consideration by the trial court after the return of the verdict.") (footnote omitted).
 
 
 4
 Key Bank contends on appeal that it requested a jury instruction directing the jury to find in Key Bank's favor, which this court has found to be equivalent to a motion for directed verdict at the close of the evidence. Farley, 786 F.2d at 1347.
 
 
 5
 Defendant's requested jury instruction # 15, which Key Bank argues directed the jury to find in its favor, states in relevant part:
 
 
 6
 If you find that the plaintiff was terminated because there were no jobs for which he was qualified or for good cause, or if you find that the plaintiff's age was not the determining factor in the decision to terminate him, then you must find for the defendant.
 
 
 7
 This instruction merely states the plaintiff's burden of proof. A verdict in defendant's favor is contingent upon the jury finding that plaintiff's age was not the determining factor in the decision to terminate his employment. This instruction does not direct the jury to find in favor of Key Bank.
 
 
 8
 The review on appeal is thus "limited to whether there was any evidence to support the jury's verdict, irrespective of its sufficiency, or whether plain error was committed which, if not noticed, would result in a 'manifest miscarriage of justice.' " Herrington v. Sonoma County, 834 F.2d 1488, 1500 (9th Cir.1987), am'd on other grounds, 857 F.2d 567 (9th Cir.1988), cert. denied, 489 U.S. 1090 (1989).
 
 
 9
 Under the ADEA, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's age", if that individual is at least 40 years of age. 29 U.S.C. §§ 623(a), 631(a).
 
 
 10
 There was evidence to support the jury's verdict. Heggie introduced evidence that he was 63 years of age when discharged by Key Bank, that he had satisfactory or good job reviews, that persons much younger than he were hired by Key Bank to fill the available positions, and that those persons had inferior qualifications. There was thus evidence for the jury to find that Key Bank's reason for his termination (that Heggie was not qualified) was pretextual and the jury could have found that Key Bank discharged Heggie because of his age. See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981) (a plaintiff may establish pretext "either directly by persuading the court that a discriminatory reason more likely [than not] motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence"); Rose v. Wells Fargo & Co., 902 F.2d 1417, 1421 (9th Cir.1990) (elements of disparate treatment under the ADEA).
 
 
 11
 The district court did not err by denying Key Bank's motion for JNOV.
 
 II. Key Bank's motion for a new trial
 
 12
 Key Bank argues that the jury verdict was contrary to the evidence, that the district court made various evidentiary errors which constituted an abuse of discretion, and that the jury instructions were erroneous.
 
 
 13
 A. Was the jury verdict contrary to the evidence?
 
 
 14
 The denial of a motion for a new trial is reversible "only if the record contains no evidence in support of the verdict", Farley, 786 F.2d at 1347, or when "plain error was committed which, if not noticed, would result in a 'manifest miscarriage of justice' ". Herrington, 834 F.2d at 1500. As discussed in the preceding section, there was evidence supporting the jury's verdict, and there was not "plain error" which resulted in a "manifest miscarriage of justice".
 
 
 15
 B. Did the district court's evidentiary rulings constitute an abuse of discretion?
 
 
 16
 Evidentiary rulings are reviewed for an abuse of discretion, and will not be reversed absent a finding that the error more probably than not tainted the verdict. Kisor v. Johns-Manville Corp., 783 F.2d 1337, 1340 (9th Cir.1986).
 
 
 17
 Heggie moved in limine to exclude evidence regarding reasons for his discharge from banks prior to his employment with Western Security Bank (which merged with Key Bank). The district court excluded the evidence, concluding that it would raise collateral issues, was not relevant, and would be unfairly prejudicial. The court, however, allowed Key Bank to question Heggie about his experience in these positions.
 
 
 18
 Because it was not relevant to Key Bank's decision to terminate Heggie's employment or its evaluation of his qualifications, there was no showing that the exclusion of this evidence affected the verdict. The exclusion was not an abuse of discretion.
 
 
 19
 Second, Key Bank moved to exclude testimony regarding four banking office manager positions available at the time of Heggie's discharge on the basis that Heggie had not applied for these positions so there was no decision affecting him which would trigger the ADEA. The district court allowed the testimony.
 
 
 20
 The evidence was relevant to Key Bank's explanation that there were no jobs available in Key Bank for which Heggie was qualified. The district court did not abuse its discretion by allowing the evidence.
 
 
 21
 Next, Key Bank sought to introduce assessment forms demonstrating that deposit growth declined at Newberg while Heggie was manager, arguing that this was relevant to Heggie's performance as banking office manager. The district court ruled that the documents could be used to refresh Heggie's recollection, and reserved ruling on their admissibility. Key Bank did not offer the exhibits at trial, and thus did not preserve any error for appeal. Additionally, Key Bank sought to introduce the resumes and applications for employment of the individuals hired for the banking office manager positions. The district court held that the evidence was cumulative; four of the individuals testified at trial regarding their qualifications and Key Bank personnel officials testified regarding the last person hired. There was no abuse of discretion and no showing that the introduction of these documents would have affected the verdict.
 
 
 22
 Finally, Key Bank sought to introduce Heggie's resumes, to cross-examine him regarding his employment background and his qualifications, and for impeachment to show that he had exaggerated his qualifications in his resumes. The district court ruled that the documents could be used to impeach Heggie's testimony regarding his experience and qualifications, but that they were inadmissible to impeach the accuracy of the information in the resumes, a collateral issue. Key Bank did not show that it relied on the resumes in its decision to terminate Heggie, and does not claim that Heggie was untruthful on the stand regarding his prior employment. There is no showing that these documents would have affected the verdict. The district court's exclusion of these documents was not an abuse of discretion.
 
 
 23
 C. Did the district court give erroneous jury instructions?
 
 
 24
 We review jury instructions as a whole to determine whether the jury was adequately instructed on each element of the case and whether the challenged instruction is misleading or misstates the law to the prejudice of the objecting party. Kisor, 783 F.2d at 1340.
 
 
 25
 Key Bank first challenges the court's refusal to instruct the jury on the elements of a "refusal to hire" cause of action. Key Bank did not submit a written request for this instruction, and no request appears in the transcript of the proceedings. Key Bank therefore cannot object to the district court's failure to give the instruction. Fed.R.Civ.P. 51.
 
 
 26
 Key Bank also argues that the jury should have been instructed not to consider the instruction on damages to be an indication of judicial preference. The court instructed the jury:
 
 
 27
 It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury.
 
 
 28
 This instruction was sufficient and did not prejudice Key Bank.
 
 
 29
 Finally, Key Bank contends that the court should have instructed the jury that the hiring of a younger person is not in and of itself evidence of age discrimination. The court rejected the instruction on the basis that it would have emphasized only one fact among many as not being evidence of discrimination. The jury was properly instructed as to the elements of plaintiff's prima facie case and on the shifting burdens of production. As a whole, the jury was adequately instructed.
 
 III. Attorney's fees on appeal
 
 30
 29 U.S.C. § 626(b) authorizes the award of attorney's fees to a prevailing plaintiff in an age discrimination case. The award of attorney's fees on appeal is within the discretion of the appellate court. Cancellier v. Federated Dept. Stores, 672 F.2d 1312, 1320 (9th Cir.), cert. denied, 459 U.S. 859 (1982). Because Heggie has prevailed in all aspects of this appeal, we award plaintiff's attorney's fees incurred on appeal. The case will be remanded to the district court for the purpose of determining the amount of the fee to be awarded.
 
 
 31
 AFFIRMED, and REMANDED FOR DETERMINATION OF AN AWARD TO PLAINTIFF OF ATTORNEY'S FEES ON APPEAL.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3